UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN JOHNSON,

     Plaintiff,

v.                             CASE NO.:  3:18-cv-01314-HES-PDB

MILLSOURCE, INC. d/b/a
WOODGRAIN DISTRIBUTION, INC.,

     Defendant.

_____/

### SECOND AMENDED COMPLAINT[1] AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHON JOHNSON ("Plaintiff"), by and through undersigned counsel, amends his First Amended Complaint and brings this action against Defendant, MILLSOURCE, INC., d/b/a WOODGRAIN DISTRIBUTION, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for retaliation against Plaintiff for filing a complaint challenging Defendant's failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

---

[1] Counsel for Defendant has consented in writing to the filing of this Second Amended Complaint via email dated February 22, 2019.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Duval County, Florida.

## PARTIES

4.      Plaintiff is a resident of Duval County, Florida.

5.      Defendant operates a molding and millwork manufacturer in Lawrenceville, in Gwinnett County, Georgia.

6.      Defendant is registered to conduct business in Florida and operates, conducts, engages in and carries on a business venture in this state.

## GENERAL ALLEGATIONS

7.      Plaintiff has satisfied all conditions precedent, or they have been waived.

8.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9.      Plaintiff requests a jury trial for all issues so triable.

10.     At all times material hereto, Plaintiff was employed by Defendant as a field service representative.

11.     Plaintiff complained to Defendant about its pay practices.

12.     Plaintiff began working for Defendant as a field service representative in June 2017.

13.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his individual regular hourly rate.

14.     Defendant adopted various pay plans over the course of Plaintiff's employment, including a pay plan described in a memo dated July 1, 2014, which described a fluctuating workweek. Plaintiff acknowledged receipt of the July 1, 2014 pay plan on July 10, 2017.  The plan provided for a fixed salary, acknowledged Plaintiff was a non-exempt employee entitled to overtime, and that overtime would be paid based on the employee's "regular hourly rate." The July 1, 2014 memo further provided the pay plan would remain in effect until an employee is otherwise notified by the Company.

15.     In October 2014, a memo was prepared by the Defendant modifying the pay plan to a day or job rate. Plaintiff was not employed by Defendant at the time and did not receive the memo.

16.     In December 2014, Defendant made changes to its pay plan according to documents released thereafter. Plaintiff was not employed by Defendant at the time and did not receive the memo.

17.     Notice of this December 2014 Pay Plan, later referred to as Pay Method for Field Service Representatives, was "mailed out" to employees on January 19, 2018.

18.     Plaintiff was required to acknowledge on January 22, 2018, that he received a copy of the January 19, 2018 document.

19.     Plaintiff was not provided notice that his Pay Plan described in the July 10, 2017 document referred to in Paragraph 24 above had been modified until January 2018.

20.     Plaintiff held a good faith belief that he was not paid the overtime premium of one and one half times his individual regular hourly rate for all of the overtime hours that he worked.

21.     Plaintiff filed a complaint regarding his wages by reporting his concerns first to management and then via communications between counsel for Plaintiff and Defendant and its counsel. Plaintiff filed several internal complaints between January 2018 and November 2018.

22.     On November 6, 2018, the original Complaint in this matter was filed in the United States District Court.

23.     Since raising complaints regarding his wages, Plaintiff has been subjected to retaliation by Defendant, including but not limited to increased scrutiny, being removed from texts and other informational communications directed to field representatives, reassignment of store assignments, failure to provide required tools for him to complete his work, failure to provide instructions on the use of a new P.O.P ordering system which was sent to other field representatives,  failure to timely provide delivery schedules, false allegations regarding his availability for work and quality of his work,  changes in routes, changes in order processing, all of which negatively impact his ability to perform his job, his income, and have created a hostile environment.

24.     Plaintiff has been a dedicated employee formerly identified for progression within the company, including positions as a manager within the company. His work ethic has not changed. Defendant's retaliatory actions have harmed Plaintiff and his ability to perform his job.

## COUNT I – FLSA RETALIATION

25.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Second Amended Complaint, as though fully set forth herein.

26.     By complaining and questioning Defendant's pay practices internally, and then formally by pursuing this action, complaining about Defendant's payroll practices, Plaintiff engaged in protected activity under the FLSA.

27.     By taking adverse action against Plaintiff following these complaints, and escalating such action after Plaintiff filed his original Complaint, Defendant has retaliated against Plaintiff for engaging in protected activity under the FLSA.

28.     The foregoing conduct, as alleged, was not done in good faith.

29.     Plaintiff was injured by Defendant's retaliation against him for exercising his rights under the FLSA, pursuant to 29 U.S.C. §215(a)(3) and  §216(b).

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and

(f)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 25th day of February, 2019.

Respectfully submitted,

_s/ Donna V. Smith_

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2019, I electronically

filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which

will send notice of the same to the following:

Theresa M. Waugh
Florida Bar No. 89593
twaugh@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, FL 32801.2366

Whitney M. Ferrer*
Georgia Bar No.501028
wferrer@littler.com

Jessie Brown*
Georgia Bar No. 722947
jmbrown@littler.com
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326.4803
Attorneys for Defendant
WOODGRAIN MILLWORK, INC.

                                        *s/ Donna V. Smith*
                                        **DONNA V. SMITH**